UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER ATTO and SUAD ATTO,

    Plaintiffs,

Case No. 10-CV-12761-DT

v.

HONORABLE DENISE PAGE HOOD

MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC. and
BANK OF AMERICA,

    Defendants.
_____/

**ORDER REGARDING MOTION FOR PRELIMINARY INJUNCTION
AND MOTION TO AMEND COMPLAINT**

**I.   BACKGROUND**

On June 15, 2010, Plaintiffs filed a Verified Complaint and a Motion for Temporary Restraining Order and Order to Show Cause before the Circuit Court for the County of Oakland, State of Michigan. The matter was set for a hearing on June 30, 2010 and July 14, 2010 before the Oakland County Circuit Court. On July 13, 2010, the matter was removed to this Court. On September 9, 2010, the Court granted Plaintiffs' Motion for Temporary Restraining Order. Plaintiffs filed their Motion for Preliminary Injunction and Motion for Leave to Amend Complaint on October 25, 2010. Responses have been filed by Defendant to the motions.

The property at issue is commonly known as 27345 Harvard Road, Southfield, Michigan, 48076. (Comp., ¶ 3) Plaintiffs claim a fee simple interest in the property. (Comp., ¶ 6) Defendant claims to have a valid mortgage and note on the property and have placed a lien against the property. (Comp., ¶¶ 7-8) Defendant foreclosed on the property and Plaintiffs claim the Redemption Period expired on June 1, 2010. (Comp., ¶¶ 13-14) Plaintiffs' Verified Complaint alleges Defendant did

not comply with the terms of the mortgage or mandatory statutory requirements which voids Defendant's foreclosure by advertisement on the property. (Comp., ¶¶ 12, 4)

On November 2, 2010, a Scheduling Conference was held by the Court. Plaintiffs' daughter was in attendance in order to translate for Plaintiffs. At the conference the Court indicated that the daughter could not represent Plaintiffs since she was not a lawyer. Plaintiffs contacted the Court's Case Manager to determine whether pro bono counsel would be available to assist Plaintiffs. The Court continued the Scheduling Conference until November 16, 2010 in order to give Plaintiffs opportunity to retain counsel and to hear the pending motions. Pro Bono attorney Adam Taub was subsequently assigned to represent Plaintiffs.

## II.   ANALYSIS

### A.   Preliminary Injunction

Plaintiffs seek a preliminary injunction case against Defendant to enjoin eviction process against Plaintiffs. Four factors must be balanced and considered before the Court may issue a preliminary injunction pursuant to Fed.R.Civ.P. 65(b): 1) the likelihood of the plaintiff's success on the merits; 2) whether plaintiff will suffer irreparable injury without the injunction; 3) the harm to others which will occur if the injunction is granted; and 4) whether the injunction would serve the public interest. *In re Delorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985); *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989). The first factor is the most critical inquiry of the four criteria. *Mason County Med. Ass'n v. Knebel,* 563 F.22d 256, 261 (6th Cir. 1977). In making its determination the "district court is required to make specific findings concerning each of the four factors, unless fewer factors are dispositive of the issue." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.,* 119 F.3d

393, 399 (6th Cir. 1997).

At the November 4, 2010 Scheduling Conference, counsel for Defendant indicated Defendant intended to adjourn the pending eviction hearings, scheduled for November 18, 2010, before the State Court pending resolution of this matter.  The motion is therefore moot.

### B. Amend Complaint

Plaintiffs seek to amend the Complaint to add Bank of America as a Defendant.  Defendant does not object to Plaintiffs' amendment to add Bank of America as a Defendant.  The Amended Complaint has been filed and Defendants have filed an Answer to the Amended Complaint.  The Motion to Amend Complaint is granted.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion for Preliminary Injunction **[Doc. No. 11, filed 10/25/2010]** is MOOT, given Defendants' representations to the Court that any eviction proceedings will be adjourned pending resolution of this action.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend Complaint **[Doc. No. 12, filed 10/25/2010]** is GRANTED.

A status conference is scheduled for June 27, 2011 at 3:30 p.m., with Plaintiffs' new counsel.

s/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated:  June 23, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 23, 2011, by electronic and/or ordinary mail.

                                          s/LaShawn R. Saulsberry
                                          Case Manager